UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Eva M. Rachinger,

                             Plaintiff,                      **Hon. Hugh B. Scott**

                                                                   08CV757S

                                v.                             **Decision**
                                                                   &amp;
                                                                   **Order**

John E. Potter, Postmaster General,

                              Defendant.

_____

Before are the following motions: plaintiff's motions to compel (Docket No. 44, 45 and 60), and plaintiff's motion to amend the complaint (Docket No. 46).

**Background**

The plaintiff, Eva M. Rachinger ("Rachinger") brings this action claiming that she has been discriminated against by the United States Postal Service ("USPS") based upon her sex and race (white); that she has been harassed due to unequal terms of employment; and that she has suffered retaliation because she complained about the alleged discriminatory and unequal treatment. (Docket No. 1). She alleges that acts of discrimination occurred on 22 dates (Docket No. 1 at page 3). The plaintiff attaches various filings she submitted to the Equal Employment Opportunity Office ("EEO") as the substantive allegations for her complaint. For example, in one

1

such EEO complaint, Rachinger alleged that on August 26, 2007 and September 16, 2007, she received conflicting orders from management; that on December 20, 2007 a co-worker tried to engage in a conflict with her; on December 14, 2007, she complained about a co-worker who was assigned to run the mail and that management did nothing about it, but instead reprimanded plaintiff for failing to keep the line fed; on February 2008, a co-worker called her a "pain in the ass;" and on October 16, 2006 management failed to respond appropriately to her claim that she was exposed to a possible hazardous substance. (Docket No. 1-2 at page 1).[1]

**Motions to Compel**

The plaintiff moves to compel the defendants to produce "the complete investigation results of EEO Case No. 1B-141-0011-08, EEO Case No. 1B-141-0021-08, EEO Case No. 1B-141-0022-07 and EEO Case No. 1C-141-0002-10." (Docket No. 44). In a subsequent filing, the plaintiff stated that she is seeking "the complete investigations – not their results." (Docket No. 56 at page 2). The defendants represent to the Court that it has already produced complete copies of its files with respect to EEO Case Nos. 1B-141-0011-08, 1B-141-0021-08, and 1B-141-0022-07. (Docket No. 52 at page 2). The defendants characterized their disclosure to the plaintiff as including all "non-privileged" documents relating to these cases. (Docket No. 58 at page 2). Thus, the plaintiff has filed a motion seeking to obtain all "privileged" documents as well.

---

[1] The EEO dismissed the plaintiff's administrative complaint finding that the "actions alleged are common workplace occurrences, and unless it is reasonably established that the actions were somehow abusive or offensive and were taken in order to harass you on the basis of any of the protected classes, such everyday events are not sufficiently severe or pervasive so as to offend the general sensibility of an individual experiencing such occurrences in the workplace." (Docket No. 1-2 at page 3). The EEO determined that the alleged actions were not such that they constituted an objectively hostile or abusive work environment. (Docket No. 1-2 at pages 4-5).

(Docket No. 60). The defendants have represented that they are "not in the possession of any privileged documents other than attorney-client communications between [counsel] and postal counsel which directly relate to this litigation." (Docket No. 62 at ¶ 4). With respect to EEO Case No. 1C-141-0002-10, the defendants initially asserted that the complaint was filed with the EEO on February 9, 2010 and was still in the administrative process. (Docket No. 52 at page 3). Subsequently, the defendants have asserted that they do not oppose the plaintiff's request for these documents, as well as the documents relating to the "internal investigation" sought in plaintiff's second motion to compel (Docket No. 45) and that they will produce these documents to the plaintiff.[2] It appears that the plaintiff has been provided with copies of all documents relating to the four EEO complaints she has identified in her motion to compel (Docket No. 44) and the documents relating to the "internal investigation" sought in her subsequent motion to compel (Docket No. 45). Thus, these motions are denied. Further, it appears that no privileged documents, other than those subject to the attorney-client privilege, exist with respect to the various EEO complaints. Rachinger has failed to articulate any basis to challenge the assertion of the attorney-client privilege which exists between trial counsel and the USPS in-house counsel in this case. The motion seeking privileged documents (Docket No. 60) is also denied.

**Motion to Amend Complaint**

The plaintiff seeks to amend the complaint in this action to include the allegations she asserted in the administrative complaint filed in EEO Case No. 1C-141-0002-10. (Docket No. 46).

---

[2] The defendants represented that they would produce the documents to the plaintiff within 30 days of their April 12, 2010 filing. (Docket No. 58 at ¶ 8).

The allegations set forth in that EEO complaint state as follows:

> On January 30, 2010 I picked prep-station 2 on machine 2 at the original shape-up. Mailhandler Chris Mazella picked prep-station 3 on machine 2 which was next to me. Machine 2 was down until 3:45 pm so we were unable to process mail until then. We worked 30 minutes less than the other preppers in the unit because of the machine not running. At approximately 6:30 pm MDO K. Piatkowski approached C. Mazella and I and said to both of us "You're not getting the job done. You need to pick up the pace." Each machine has a screen that shows the numbers for each prep station. I looked at the machine after K. Piatkowski spoke to us. Management claims there is a standard (not a goal) that each employee is required to meet. The standard is 40 ACT's per hour. C. Mazella had 49 ACT's per hour and I had 54 ACT's per hour. The next closest individual had 23 ACT's per hour. C. Mazella exceeded the standard by almost 25 percent and I exceeded the standard by almost 40 percent and MDO K. Piatkowski had the audacity to falsely accuse us of not getting the job done. Her argument will probably be that she can't single out any individual and that she has to make the statement to everyone. That argument only holds water if the individual is NOT meeting the standard – but to say that to individuals that are exceeding the standard is ludicrous and most definitely harassment. C. Mazella requested a union steward and I believe he spoke to Brian Hurd about the incident. C. Mazella also spoke to K. Piatowski after the incident and told her how upset he was that she would falsely accuse us of not getting the job done. When he related the conversation he had with her to me he claimed she denied having said it. She most definitely made those statements. I take exception to being falsely accused of not doing my job as well as being harassed and intimidated. Coincidentally I spoke to EEO ADR Specialist Mary Trabert on 1.29.10 and she informed me that the USPS was initiating an investigation (independent of the EEO process) by individuals outside the Buffalo Plant. Why K. Piakowski chose the following day to falsely accuse me of not getting the job done is a complete mystery to me. In addition to which at the end of the night on 1.30.10 I had a total of 308 ACT's which I processed- C. Mazella processed a total of 263 and the next closest individual processed a total of 203 - everyone else was lower. Exactly how did K. Piatowski arrive at the conclusion that I and C. Mazella were not getting the job done? What kind of management style is that? Please make it stop.

(Docket No. 46 at page 6).

Although this federal court action asserts that the plaintiff has been discriminated against based upon her gender and race, the plaintiff does not articulate any basis upon which to connect the newly purported allegations to her race or gender. Based upon the plaintiff's recitation, it appears that K. Piakowski is a female and that both the plaintiff and a male co-worker were the target of the challenged conduct. There is no allegation that the race or gender of any individual involved was material to the events. Further, the plaintiff has failed to articulate a basis to connect this alleged conduct to any claim of retaliation for filing prior complaints. These allegations, by themselves, are insufficient to constitute claims under Title VII of the Civil Rights Act of 1964 ("Title VII") or the New York State Human Rights Law. At best, they are purported evidence of the claims asserted by Rachinger in the original complaint – that she is being subject to a hostile work environment. While the plaintiff may attempt to introduce these allegations in support of her discrimination and retaliation claims, not every negative interaction between the plaintiff and a co-worker must be included in the complaint. Courts have denied leave to amend where "the additional allegations merely reiterate and embroider the claims ... already presented in the original Complaint, adding little, if anything, of substance to the case." Scottish Air International v. British Caledonian Group, PLC, 152 F.R.D. 18, 30 (S.D.N.Y.1993) (quoting Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir.1991)); see also O'Brien v. Price Waterhouse, 740 F.Supp. 276, 284 (S.D.N.Y.1990) ("mere elaboration and increased verbiage concerning the same core allegations initially put forward" deemed insufficient to warrant amendment); U.S. ex rel. Bane v. Breathe Easy Pulmonary Services, Inc., 2008 WL 343158, at *2 (M.D.Fla., 2008) (Amendment is unnecessary, as the Court has denied Defendants'

motions to dismiss, and the new allegations merely bolster plaintiff's existing claim.). Moreover, inclusion of these new allegations as claims in the complaint would be futile at this time inasmuch as the plaintiff has appealed the EEO administrative determination relating to 1C-141-0002-10 (see Docket No. 56 at ¶1), and thus, has not yet exhausted her administrative remedies with respect to these allegations. <u>Shah v. N.Y. State Dep't of Civil Serv.</u>, 168 F.3d 610, 614 (2d Cir.1999)(Exhaustion before the EEOC is "an essential element of Title VII's statutory scheme and is designed to give the administrative agency the opportunity to investigate, mediate, and take remedial action.").

The motion to amend the complaint (Docket No. 46) is denied.

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
May 25, 2010